UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVARON EDNARDO HOLLAND,

       Petitioner,

   v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

CIVIL ACTION NO. 05 CV 73532 DT
Criminal No. 00-80921-02

DISTRICT JUDGE LAWRENCE P. ZATKOFF

MAGISTRATE JUDGE VIRGINIA M. MORGAN

**REPORT AND RECOMMENDATION**

**I. Introduction**

On September 15, 2005, petitioner, an inmate in the custody of the Federal Bureau of Prisons, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. By order dated October 19, 2005, the district court referred the matter to this court pursuant to 28 U.S.C. § 636(b)(1)(B) for preparation of a report and recommendation. For the reasons set forth below, the court recommends that the motion be **DENIED**.

**II. Background**

The basic facts of this matter, as set forth in the Sixth Circuit's opinion affirming petitioner's conviction and sentence, United States v. Holland, 101. Fed.Appx. 600, 601 (6th Cir. 2004), are as follows:

>A grand jury indicted Holland on one count of conspiring to distribute more than 50 grams of cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1)

and 846 and one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). Pursuant to a written plea agreement, Holland pleaded guilty in 2002 to the conspiracy charge in exchange for the dismissal of the other count and did not reserve any issues for appeal. He was sentenced to 157 months in prison and 5 years of supervised release.

Petitioner now seeks relief from his sentence pursuant to 28 U.S.C. § 2255. Petitioner alleges that he was denied the effective assistance of counsel at his plea hearing and sentencing hearings. Petitioner also appears to argue that he is entitled to relief from his sentence based upon the Supreme Court's holding in U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and that he did not knowingly and voluntarily enter a plea of guilty.[1]

The Government claims that petitioner's motion is time-barred under the one year limitations period contained in § 2255. The Government also argues that petitioner's claims are lacking in merit and, therefore, that he is not entitled to relief even if the motion was timely filed.

### III. Discussion

**A. 28 U.S.C. § 2255**

As noted above, petitioner seeks relief from his sentence pursuant to 28 U.S.C. § 2255, which provides, in part, the following:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

---

[1] The use of the term "appears" indicates the court's difficulty in ascertaining the exact grounds for relief raised in the motion. The court must give a liberal construction to *pro se* pleadings, and it has attempted to do so in this matter. By the court's reading of the motion, petitioner has raised only the issues set forth above.

move the court which imposed the sentence to vacate, set aside or correct the sentence.

To prevail on a § 2255 motion alleging a claim of constitutional error, the petitioner must demonstrate that an error of such magnitude occurred and that the error had a "substantial and injurious effect or influence on the proceedings." <u>Watson v. United States</u>, 165 F.3d 486, 488 (6th Cir. 1999). To prevail a § 2255 motion alleging a claim of non-constitutional error, the petitioner must establish that the error constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." <u>United States v. Ferguson</u>, 918 F.2d 627, 630 (6th Cir. 1990)(<u>quoting</u> <u>Hill v. United States</u>, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1968)).

**B.  Timeliness of Motion**

Section 2255 provides, in pertinent part, that a "1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final; ... (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit, referring to the first prong of the limitations provision, stated that "[t]he conviction of a federal criminal defendant who takes a direct appeal to the court of appeals becomes final for the purposes of 28 U.S.C. § 2255 'upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to

the Supreme Court, even when no certiorari petition has been filed.'" Id. at 860 (quoting Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004)).

The Sixth Circuit affirmed petitioner's conviction on June 11, 2004. Applying the rule stated in Humphress and the time computation rules of Fed.R.Civ.P. 6(a), petitioner's conviction became final for § 2255 purposes on September 9, 2004. The docket reflects that petitioner's motion was filed on September 15, 2004. Thus, at first glance, the motion appears to be untimely, at least as to petitioner's non-Booker claims.[2] However, on November 21, 2005, petitioner filed a response brief and attached thereto a certified mail receipt purporting to show that the clerk's office received the motion on September 9, 2005. The receipt, of course, does not indicate exactly what the clerk received from petitioner on September 9. But given the fact that the motion was docketed on September 15, 2005, and petitioner has no other pending proceedings in this court, the inevitable conclusion is that the mailing the clerk received on the 9th was the present § 2255 motion. Further, under the prisoner mailbox rule, the motion is deemed filed on the date petitioner presented it to prison authorities for mailing, which, according to petitioner, occurred on September 3, 2005. See Sanchez-Castellano, supra, 358 F.3d at 425 ("Sanchez-Castellano is deemed to have filed his § 2255 motion on June 6, 1999, when he presented it to prison authorities" (citing Houston v. Lack, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). Regardless of the veracity of petitioner's assertion, it is clear that he presented his motion for mailing prior to September 9, 2005. Accordingly, the court

---

[2]Petitioner filed the motion within one year of issuance of the Booker decision. Accordingly, any claims based upon Booker are timely filed.

- 4 -

finds that the motion was filed prior to September 9, 2005 and, therefore, within the one-year limitations period of § 2255.

### C. Arguments Based Upon Booker/Other Arguments

Before turning to petitioner's ineffective assistance of counsel claims, the court will briefly address petitioner's Booker claim, to the extent he has raised one, his argument that his plea was not knowingly and voluntarily entered, and any other claims not involving allegations of ineffective assistance of counsel.

With respect to any Booker claim, the Sixth Circuit held in Humphress, supra, 398 F.3d 855, that the rule established in Booker is not retroactively applicable to cases on collateral review. Accordingly, petitioner cannot resort to Booker in seeking relief from his conviction and/or sentence under § 2255.

As to the issue of whether petitioner knowingly and voluntarily pleaded guilty, on direct appeal, petitioner argued (1) that his plea "was not intelligently made because the court failed to inform [him] that he had to have conspired with someone other than a government informant such as his co-defendant," Holland, supra, 101 Fed.Appx. at 601, and (2) that "he should not have been sentenced for crack cocaine and that his plea was not knowingly made because the district court purportedly coerced him into mistakenly admitting that the cocaine base was crack cocaine," Id. The Sixth Circuit rejected both of these arguments. An inmate cannot re-litigate in a § 2255 proceeding issues raised on direct appeal absent highly exceptional circumstances, such as an intervening change in the law. See, e.g., Brown v. U.S., 181 F.3d 99 (Table), 1999 WL 313848 (6th Cir. (Tenn.)). No such circumstances are present in this matter. Accordingly,

to the extent he seeks to do so, petitioner cannot re-litigate the issues set forth above in this proceeding.

Further, failure to raise an available issue on direct appeal constitutes a waiver of that issue for § 2255 purposes absent a showing of cause for the failure to raise the issue and prejudice arising therefrom. See, e.g., Dillon v. U.S., 188 F.3d 507 (Table), 1999 WL 701925 at *1 (6th Cir. (Ohio))("Absent of showing of actual prejudice and cause for his failure to raise these issues on direct appeal, Dillon's claims asserted for the first time on collateral attack are waived"). This rule, of course, does not apply to claims of ineffective assistance of counsel. Massaro v. U.S., 538 U.S. 500, 509, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003)("We...hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim being brought in a later, appropriate proceeding under § 2255"). Thus, petitioner's failure to raise his ineffective assistance of counsel claims on direct appeal does not preclude him from raising those claims in this proceeding. However, to the extent petitioner seeks relief from his conviction and/or sentence on other grounds not raised in his direct appeal, including any issues regarding the voluntariness of his plea, those grounds are waived because petitioner has made no showing of cause or prejudice.

### D. Ineffective Assistance of Counsel

Turning to petitioner's ineffective assistance of counsel claims, petitioner contends, quoting from his motion, that "trial counsel was constitutionally deficient at the plea hearing and at sentencing, because she refused and did not object to the material facts not being alleged in the indictment, which misled the Petitioner to his prejudice because it did not present a fair notice

and true nature of charges."[3] Petitioner also contends that he "was denied effective assistance of counsel because defense trial counsel was constitutionally deficient and he was not afforded his right to due process of law, because she refused and did not object at sentencing, when the government did not prove by the preponderance of the evidence the drug quantity and drug identity to apply the 100:1 ratio [.]"

The Sixth Amendment to the United States Constitution guarantees to a criminal defendant the right to "the Assistance of counsel for his defence." U.S. Const. amend. VI. As the Supreme Court has recognized, a defendant is entitled not merely to the assistance of counsel, but to the *effective* assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771, n.14, 90 S.Ct. 1441, 1449, n.14 (1970)("[T]he right to counsel is the right to the effective assistance of counsel"). A petitioner claiming that he was denied the right to the effective assistance of counsel must demonstrate (1) that his attorney's performance was deficient, and (2) that he suffered prejudice as a result of his attorney's deficient performance. Strickland v Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). With respect to the first prong of this two-part test, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. As to the second prong of the test, the petitioner bears the burden of establishing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., 466 U.S. at 694, 104 S.Ct. at 2068. In reviewing a claim of ineffective

---

[3] Petitioner was represented at the plea hearing and at sentencing by attorney Wendy Barnwell. Petitioner had other attorneys prior to those proceedings. His allegations of ineffective assistance are directed at Ms. Barnwell's actions.

assistance of counsel, the court must "indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance[.]" Id., 466 U.S. at 689, 104 S.Ct. at 2065. As the Supreme Court stated in Strickland:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (citations omitted).

Petitioner's first ineffective assistance claim – that counsel "failed to object to material facts not being alleged in the indictment" – is plainly lacking in merit. The docket reflects that on April 19, 2002, petitioner's attorney at the time, Susan Kostovski, filed a motion for a bill of particulars in which she claimed that the indictment did not contain sufficient allegations to give petitioner notice of the nature of charged offense and, therefore, that he could not properly prepare for trial. (Docket Entry #43). On May 15, 2002, the district court entered an order denying the motion, stating the following:

> Defendant also filed a motion for a Bill of Particulars. The indictment in this case provides the dates of the conspiracy, the amount of drugs involved in the two offenses, and the role of the Defendant. Therefore, the indictment is sufficient to apprize Defendant of the necessary particulars to enable him to prepare a defense, avoid prejudicial surprise, and bar subsequent prosecutions. This is all that the law requires. *See Wong Tai v. United States*, 273 U.S. 77 (1929). Defendant's Motion for a Bill of Particulars is DENIED.

See Order dated May 15, 2002, p. 3 (Docket Entry #60).  Thus, the issue of whether the indictment gave petitioner sufficient notice of the offense had already been raised and rejected by the district court.  Given the district court's ruling, Ms. Barnwell had no reason to revisit this issue, and she did not err in failing to do so.

　　　Petitioner's second claim of ineffective assistance is likewise without merit.  At his plea hearing, petitioner admitted, after being fully advised of the consequences of entering a guilty plea, that he had distributed roughly 140 grams of crack cocaine, as charged in Count I of the superseding indictment.  Petitioner also signed a Rule 11 plea agreement in which he admitted the same.  Ms. Barnwell can hardly be faulted for failing to object at the sentencing hearing to facts that petitioner had already admitted.  See, e.g., U.S. v. Williams, 176 F.3d 301 (6th Cir. 1999)(counsel not ineffective for withdrawing objections to drug quantity in presentence report where defendant stipulated to amount in plea agreement and at plea hearing, and witnesses were prepared to testify as to defendant's drug activities); see also, e.g., U.S. v. Laskowski, 1 Fed.Appx. 363, 2001 WL 45468 (6th Cir.(Mich.))(denying claim of ineffective assistance of counsel based upon holding in Williams).  Further, petitioner suffered no prejudice as a result of Ms. Barnwell's alleged failure to object.  Petitioner himself objected to 140 gram figure at the sentencing hearing.  The district court rejected petitioner's argument and sentenced petitioner in accordance with the terms of the plea agreement.  Counsel's failure to object was immaterial in light of the district court's ruling.  The court also notes that under the terms of the plea agreement, petitioner's base offense level was 32.  As the AUSA noted at the sentencing hearing, under the Sentencing Guidelines, a base offense level of 32 applies to distribution of between 50

and 150 grams of cocaine base.  Whatever his objection to the quantity he was held responsible for, petitioner did not claim at the sentencing hearing, nor does he contend in this proceeding, that the amount involved was less than 50 grams.  Further, with respect to the type of drug involved, the Sixth Circuit concluded that petitioner freely and voluntarily admitted that he distributed crack cocaine, and petitioner has presented nothing that would warrant the court in re-examining this issue.

In sum, petitioner has failed to establish either attorney error or prejudice and, therefore, he has failed to demonstrate that he was denied the effective assistance of counsel at his plea or sentencing hearings.

**IV.  Conclusion**

For the reasons stated above, the court recommends that petitioner's motion be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

 s/Virginia M. Morgan
VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated:   January 6, 2006

## PROOF OF SERVICE

The undersigned certifies that the foregoing Report and Recommendation was served upon Devaron Holland and counsel of record via the Court's ECF System and/or U. S. Mail on January 6, 2006.

s/Jennifer Hernandez
Case Manager to
Magistrate Judge Virginia M. Morgan